UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20134-CR-MARTINEZ/AOR

UNITED STATES OF AMERICA,

v.

ROBERT PHAM,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the undersigned by Order of Reference issued by the Jose E. Martinez, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 34]. The Order of Reference requires a Report and Recommendation as to the appropriateness of the voucher submitted pursuant to the Criminal Justice Act ("CJA") (hereafter, "CJA Voucher") by counsel for Defendant Robert Pham ("Defendant").

Upon a thorough review of this matter, the undersigned respectfully recommends that an adjustment be made to the CJA Voucher as set forth below.

## PROCEDURAL BACKGROUND

On March 1, 2016, the grand jury returned an Indictment charging Defendant with the following crimes:

Count 1:     Conspiracy to commit health care fraud and mail fraud, in violation of 18 U.S.C. § 1349.

Counts 2-9:     Health care fraud, in violation of 18 U.S.C. § 1347.

Count 10:     Conspiracy to defraud the United States and to receive health care kickbacks, in violation of 18 U.S.C. § 371.

Counts 11-15: Receipt of kickbacks in connection with a Federal Health Care Program, in violation of 42 U.S.C. § 1320a-7b(b)(1)(B).

See Indictment [D.E. 3]. These charges arose from Defendant's participation in a scheme to submit fraudulent prescriptions for compounded medications on behalf of beneficiaries of the TRICARE health care insurance program sponsored by the United States Department of Defense.

Defendant made his initial appearance on March 4, 2016 [D.E. 5]. Arraignment took place on March 14, 2016 [D.E. 9]. Trial was initially set for April 18, 2016 and subsequently continued to June 13, 2016 [D.E. 10, 16]. On June 1, 2016, Defendant entered a guilty plea to Count 1 pursuant to a plea agreement [D.E. 18, 19]. On August 3, 2016, Defendant was sentenced to a term of 151 months followed by 3 years of supervised release [D.E. 30]. The remaining counts were dismissed. Id.

The CJA voucher submitted by Defendant's Attorney John W. Wylie ("Wylie") requests compensation in the amount of $12,267.90, which consists of $12,087.30 in fees for out-of-court hours and $180.60 in fees for in-court hours.

## APPLICABLE GUIDELINES

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Berger, 498 U.S. 233, 234 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines. The CJA Plan for the Southern District of Florida explicitly states that "[p]ayment of fees and expenses shall be made in accordance with the provisions of the [Guidelines]."

The CJA at 18 U.S.C. § 3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" the compensation of CJA-appointed counsel, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. § 3006A(d)(5); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). Therefore, the undersigned reviews Wylie's submission for reasonableness with respect to his out-of-court hours and expenses.

## DISCUSSION

The CJA Voucher under consideration reflects the following out-of-court hours by category:

| Category | Hours | Amount ($) |
|---|---|---|
| Interviews and Conferences | 33.7 | 4,347.30 |
| Obtaining and Reviewing Records | 42.1 | 5,430.90 |
| Legal Research and Brief Writing | 8.8 | 1,135.20 |
| Travel Time | 9.1 | 1,173.90 |
| **Total** | **93.7** | **12,087.30** |

Approximately one third of the out-of-court hours reported by Wylie involve Interviews and Conferences. There are close to 50 entries for conferences with Defendant and the Assistant United States Attorney; and interviews of potential witnesses. These hours appear excessive, particularly given that the case did not go to trial. Therefore, the undersigned recommends that the out-of-court time for Interviews and Conferences be reduced by one-half. This will result in a reduced compensation amount from $4,347.30 to $2,173.65.

There are close to 120 entries for Obtaining and Reviewing Records, which represent close to half of the out-of-court hours. The listed tasks involve review of: docket entries; correspondence from Defendant and the Assistant United States Attorney; discovery; plea

3

agreement; and pre-sentence investigation report. While all of these tasks are appropriate, their multiplicity appears excessive, even taking into consideration that health care fraud discovery tends to be voluminous. Therefore, the undersigned recommends that the out-of-court time for Obtaining and Reviewing Records be reduced by one-half. This will result in a reduced compensation amount from $5,430.90 to $2,715.45.

Time entries for Legal Research and Brief Writing add up to 8.8 hours. There is a single defense motion on the docket for continuance of trial consisting of 2 pages. There are also some entries for research relating to the sentencing guidelines. Other entries are for writing correspondence to Defendant and the Assistant United States Attorney. The undersigned also finds these hours to be excessive and recommends that they be reduced by one-half. This will result in a reduced compensation amount from $1,135.20 to $567.60.

Wylie requests reimbursement for 9.1 hours of Travel Time. Because Defendant was in custody at FDC during the proceedings, the undersigned finds that these out-of-court hours are reasonable.

Appling the foregoing adjustments results in a reduced compensation for out-of-court hours as follows:

| Category | Hours | Amount ($) |
|---|---|---|
| Interviews and Conferences | 16.85 | 2,173.65 |
| Obtaining and Reviewing Records | 21.05 | 2,715.45 |
| Legal Research and Brief Writing | 4.4 | 567.60 |
| Travel Time | 9.1 | 1,173.90 |
| **Total** | **51.40** | **6,630.60** |

## RECOMMENDATION

In accordance with the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Wylie's CJA Voucher be approved in the amount of $6,811.20, consisting of $6,630.60 in fees for out-of-court hours and $180.60 in fees for in-court hours.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have <u>fourteen</u> days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. <u>See</u> <u>Resolution Tr. Corp. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." <u>See</u> 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this ___ day of May, 2017.

<i>[signature]</i><br>
ALICIA M. OTAZO-REYES<br>
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
    Counsel of Record